Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 3430 | **DATE** | April 29, 2002 |
| **CASE TITLE** | Levenstein v. Salafsky, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' Motion in Limine to Preclude Evidence Pursuant to Rule 408

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]. Defendants' Motion in Limine to Preclude Evidence Pursuant to Rule 408 [264-1] is DENIED. Enter Memorandum and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | MAY 02 2002 |
| ✓ | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | | date docketed |
| | Docketing to mail notices. | U.S. DISTRICT COURT | |
| | Mail AO 450 form. | | docketing deputy initials |
| ✓ | Copy to magistrate judge. | 02 MAY -2 PM 0:22 | 10 |
| RTS | courtroom deputy's initials | FILED-EN 10 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH H. LEVENSTEIN, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | Hon. Blanche M. Manning |
| | ) | |
| v. | ) | Case No. 97 C 3430 |
| | ) | |
| BERNARD SALAFSKY, PATRICIA GILL, | ) | |
| and DAVID C. BROSKI, in their official | ) | DOCKETED |
| and individual capacities, | ) | |
| | ) | MAY - 2 2002 |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

In 1995, plaintiff Levenstein sued his employer, specifically three officials of the University of Illinois ("the University"), claiming that they violated his constitutional rights by improperly suspending him, denying him a fair hearing, and forcing him to resign from his position as professor with the University based on allegations that he had committed acts of sexual harassment. With the trial date set for May 6, 2002, the defendants have filed a motion in limine to exclude evidence that allegedly violates Federal Rule of Evidence 408 ("Rule 408"). For the reasons set forth below, defendants' motion is DENIED.

I. Analysis

Defendants cite two paragraphs of Levenstein's Proposed Findings of Fact and Conclusions of Law as inadmissible under Rule 408 because they contain evidence relating to compromise negotiations. The relevant paragraphs state:

> 62. In August of 1995, Levenstein's counsel attempted to negoriate [sic] a settlement with University counsel, Bruce Kite. After reaching a tentative agreement, Kite notified Levenstein's counsel that "the tables had been turned" on

him, and that Dean Moss and Chancellor David Broski were now insisting on Levenstein's immediate resignation.

63. Levenstein's counsel pointed out that this demand was inconsistent with Levenstein's right under University procedures to appeal Gill's findings, and filed an appeal on Levenstein's behalf.

Rule 408 provides that:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. **This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.**

Fed. R. Evid. 408 (emphasis added). Rule 408 does not permit the admission of compromise evidence to prove the liability of a claim, but does allow the admission of such evidence if offered for another purpose or claim. *See Alexander v. City of Evansville*, 120 F.3d 723, 728 (7th Cir. 1997) (other purposes including proving bias, prejudice of the witness, obstruction); *Uforma/Shelby Bus. Forms, Inc. v. N.L.R.B.*, 111 F.3d 1284, 1293-94 (6th Cir. 1997) (Rule 408 only bars use of compromise evidence to prove the claim that is the subject of the compromise, not some other claim).

Levenstein argues that he is offering this evidence to establish a pattern of the defendants' coercive behavior designed to compel his resignation. He contends the August 1995 discussion is just one piece of evidence that will show a pattern that the defendants were forcing him to resign. Defendants counter that such use of the evidence requires an inference that defendants

2

made their offer because their claim against Levenstein was not well-founded. This court agrees with Levenstein. Evidence which demonstrates a pattern of coercion falls outside the scope of Rule 408. *See RSL Holding Co., Inc. v. Dresser Indus., Inc.*, No. 89 C 7004, 1991 WL 277637 *3-4 (N.D. Ill. Dec. 20, 1991) (Williams, J.) (evidence of negotiations admitted into evidence to show an attempt by defendant to coerce plaintiff into doing business with defendant). Therefore, the evidence of the August 1995 discussion is admissible for the purpose of establishing a pattern of coercion. The court also agrees with Levenstein that the August 1995 compromise evidence is germane to his argument of Broski's bias against him, and thus, is admissible. *See* Fed. R. Evid. 408 ("rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias").

## II. Conclusion

For the reasons set forth above, Defendants' Motion In Limine to Exclude Evidence of Settlement Negotiations [264-1] is denied.

Enter:

_____
Blanche M. Manning
U.S. District Court Judge

Date: 4-29-02